IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINAE M. NESBITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 08 C 2684 |
| | ) |
| DRAPER & KRAMER, INC., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Linae Nesbitt brings this suit against Draper & Kramer, Inc., and along with her complaint she petitions to proceed in forma pauperis. For the reasons set forth below, her petition is granted in part and denied in part.

Under 28 U.S.C. § 1915(a), the court may authorize a petitioner to proceed *in forma pauperis* if she demonstrates an inability to pay the required costs and fees. In her financial affidavit, petitioner, a law school graduate with significant school-related debt, asserts that she is unemployed and has no assets. She acknowledges limited income of approximately $850 per month from welfare payments and social security disability payments. Although omitted from her financial affidavit, the allegations in the complaint demonstrate that she is also eligible for a rental stipend of up to $1,050 per month through the Federal Housing Voucher Program, commonly known as "Section 8." We are satisfied that in light of her outstanding debt and limited income, petitioner has demonstrated the requisite need.

However, our inquiry does not end there. Generally, in reviewing a petition to proceed in forma pauperis, we must analyze the claims and dismiss the complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii); Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). In reviewing the petition we apply the standard used in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Complaints in federal court need only satisfy a notice pleading standard, which requires that plaintiffs provide "fair notice" of their claims and that recovery be "plausible." Bell At. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). See also, Airborne Beepers & Video Co. v. AT&T Mobility LLC, 499 F.3d 663, 667 (2007). Because petitioner is proceeding pro se, we have a special responsibility to construe her complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Alvarado v. Itscher, 267 F.3d 648, 651 (7th Cir. 2001).

  Petitioner, who is legally blind, attempted to rent an apartment at the Lake Meadows Apartments, which are owned and run by Draper. She went to the Lake Meadows leasing office, filled out a rental application, and paid the required application fee. Afterward, she sent in a letter to supplement her application that discussed her disability, source of income, and status as a recent law school graduate.

  A manager expressed concerns to petitioner about her disability because the apartment complex had recently been sued by another blind person. However, the manager still agreed to lease an apartment to petitioner if she had a co-signer. Petitioner and her co-signer completed another rental application and paid another application fee.

  A leasing agent contacted petitioner and informed her that the apartment she had applied to rent had been leased. When petitioner explained that she would take another available apartment, she was asked to meet with the vice-president and to bring additional documents, including three bank statements. She brought a tape recorder to the meeting and explained to the vice-president that it was how she took notes, but the vice-president refused

to meet with her unless the tape recorder was turned off. She eventually agreed.

Although at least five apartments were available in the price range of $1,000 per month, petitioner's application ultimately was denied. When she asked the vice-president to reconsider the decision, he refused. Petitioner then filed this suit. She alleges that Draper discriminated against her because she is blind and because she receives public assistance from the federal government.

Petitioner's complaint does not explicitly state a legal basis for the recovery that she seeks. Based on the allegations in the complaint, we conclude that she raises a claim of disability discrimination under the Fair Housing Act, 42 U.S.C. § 3600, et seq. ("FHA"), and a claim of discrimination based on source of income under the Chicago Human Rights Ordinance.

The Fair Housing Amendment Act of 1988 extended protection of the FHA to people with disabilities. Pub.L. No. 100-430, 102 Stat. 1619, codified at 42 U.S.C. § 3601, et seq. Section 3604 of the FHA provides, as relevant here, that it shall be unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of – that buyer or renter. . . [and] [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person." 42 U.S.C. § 3604(f)(1)-(2). The goal behind these provisions of the FHA is "to eliminate discrimination against and equalize housing opportunities for disabled individuals." Bronk v. Ineichen, 54 F.3d 425, 428 (7th Cir. 1995).

In order to establish a prima facie case of discrimination under 42 U.S.C. § 3604, petitioner must allege the following essential elements: 1) that she is handicapped; 2) that

defendants were aware of her handicap; 3) that she was ready and able to accept defendant's offer to rent; and 4) that defendant refused to deal with her. *See* Hamilto v. Svatik, 779 F.2d 383, 387 (7th Cir. 1985). Once she establishes all four of these elements, then the burden shifts to defendant to show that it acted without any discriminatory intent. *Id.*

Petitioner's blindness clearly qualifies as a handicap under the Act. *See* 42 U.S.C. § 3602(h) (defining handicap as "a physical or mental impairment which substantially limits one or more of such person's major life activities). Further, petitioner alleges that she informed Draper of her blindness in both a letter and at the meeting where she brought a tape recorder to take notes. Petitioner also alleges that she was ready to accept defendant's offer to rent an apartment, and that she was able to do so because the amount of her rental voucher exceeded the amount of rent for the apartment. She satisfies the final requirement by alleging that Draper informed her in writing that her rental application was denied and refused to reconsider its decision. At this early stage, we find that petitioner has alleged a prima facie case of discrimination, and we therefore grant her permission to proceed in forma pauperis on her FHA disability discrimination claim.

Petitioner also alleges that Draper discriminated against her on the basis of her source of income, but again she fails to identify a legal basis for any recovery due to such discrimination. Section 8 of the United States Housing Act, 42 U.S.C. § 1437f, provides subsidies for low-income renters, but the federal government does not require landlords to participate in the program. Hays v. City of Urbana, Ill., 104 F.3d 102, 102 (7th Cir. 1997) ("So far as the national government is concerned, landlords may decide whether to participate in § 8 programs."). Landlords who do participate in the program may not refuse to rent to a § 8 voucher holder, based on her status as such, 42 U.S.C. § 1437f(t), but petitioner has not

alleged that Draper participates in the § 8 program, so this provision offers her no relief.

Similarly, the FHA provides petitioner with no relief. The FHA prohibits housing discrimination based on race, color, religion, sex, familial status, national origin, and disability. *See* 42 U.S.C. § 3604. Nowhere does the FHA prohibit housing discrimination based on socio-economic status or source of income.

Nor can we find any state law that provides relief to petitioner. We are aware of no law passed by the Illinois General Assembly that explicitly requires landlords to accept § 8 vouchers. To the extent that petitioner relies on the Illinois Human Rights Act, 775 ILCS 5/1-101, et seq. ("IHRA"), we note that the IHRA does not prohibit discrimination based on socio-economic status or source of income. *See* 775 ILCS 5/1-102, 5/3-102, 102.1. Further, the IHRA grants us jurisdiction only after the Illinois Human Rights Commission has made its final determination. Talley v. Washington Inventory Service, 37 F.3d 310, 312-13 (7th Cir. 1994). There is no indication in the limited record before us that petitioner has ever filed a complaint with the Illinois Commission.

The only avenue of relief that we are able to discern for petitioner's claim for source of income discrimination is the Chicago Fair Housing Ordinance. The City of Chicago, unlike the State of Illinois, requires all landlords to accept § 8 vouchers. Chicago Municipal Code § 5-8-030. But complaints under the Fair Housing Ordinance must be filed with the Chicago Commission on Human Relations. Chicago Municipal Code § 5-8-070. The Chicago Fair Housing Ordinance does not provide a private right of action that plaintiffs can bring initially in state or federal court. Sokoya v. 4343 Clarendon Condo Ass'n, 1996 WL 699634, at *5 (N.D. Ill. Nov. 27, 1996) (citing Williams v. Naylor, 497 N.E.2d 1274, 1276 (Ill. App. 1st Dist. 1986)). Once again, the limited record before us does not show that petitioner has ever filed a

complaint with the Chicago Commission. Because petitioner's claim for source of income discrimination fails to state a claim upon which this court may grant relief, we deny her permission to proceed in forma pauperis and dismiss that claim.

For the foregoing reasons, petitioner's petition to proceed in forma pauperis is granted with respect to her claim of disability discrimination under the FHA. The petition is denied with respect to the claim of source-of-income discrimination. Petitioner must provide for service upon Draper & Kramer, Inc.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 23, 2008.